OPINION
{¶ 1} Defendant-appellant, Carlton D. White, appeals his convictions for receiving stolen property and aggravated robbery with a firearm specification.
 {¶ 2} On August 16, 2001, a Pizza Hut delivery driver was robbed. The driver testified that, as he was putting a pizza order in his car, he felt a gun in his ribs and heard someone say, "give me all your money." As he turned around, the driver was able to view the person with the gun. The driver described the man as a black male wearing a light blue shirt, charcoal or dark colored shorts, tennis shoes and wearing a bandana around his face. He stated that he could not tell what type of hair the man had, and he may have been wearing a "black thing" on his head. Another witness stated that two black males got into a white car and drove away from the scene.
 {¶ 3} A Middletown police officer dispatched to the area noticed appellant in a nearby residential area standing outside of a white Ford Tempo. Appellant was wearing a light blue shirt and dark colored shorts with a black "skull cap" on his head. As he approached appellant, the officer asked what he was doing. Appellant replied that he was there to see his girlfriend. Before the officer could ask any further questions, appellant began to run. Officers pursued appellant through the residential neighborhood and eventually found him hiding under a boat. The car keys to the Tempo were found under appellant, and a gun and skull cap were found nearby.
 {¶ 4} Appellant was arrested and charged with aggravated robbery. He was also charged with receiving stolen property after police discovered that the Ford Tempo he was driving was stolen. A jury found appellant guilty of both offenses. Appellant now appeals his convictions and raises a single assignment of error.
 {¶ 5} "The finding of guilty of aggravated robbery with a firearm specification and receiving stolen property is against the manifest weight of the evidence."
 {¶ 6} Appellant contends that his conviction for aggravated robbery is against the manifest weight of the evidence because the state failed to prove beyond a reasonable doubt that he was the perpetrator. An appellate court will not reverse a judgment as against the manifest weight of the evidence in a jury trial unless it unanimously disagrees with the fact-finder's resolution of any conflicting testimony. State v.Thompkins (1997), 78 Ohio St.3d 380, 389, 1997-Ohio-52. The standard for reversal of a verdict which is against the manifest weight of the evidence has been summarized as follows:
 {¶ 7} "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Thompkins at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 8} In making this analysis, the reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence.State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 9} According to appellant's testimony at trial, he and a friend, Ian Carter, decided to travel from Cincinnati to Middletown to possibly meet some girls and to look at the Middletown branch of Miami University. Appellant stated that Carter drove after arriving in Middletown because he was more familiar with the area. Appellant claimed that it was a hot evening, so he took off his shirt. He testified that he fell asleep while Carter drove around. Appellant claims that when he awoke, the car was on a residential street and he saw Carter walking by the houses with a pizza. He grabbed a shirt, which happened to be the light blue shirt Carter was wearing earlier. He stated that he ran from the police because he doesn't trust the police, did not have an ID on him and because he had a "little bit of weed (marijuana)" on him. Appellant claims that he knew nothing about the robbery.
 {¶ 10} However, the state presented evidence that implicated appellant as the perpetrator. Police noticed appellant standing next to a white Ford Tempo. Appellant fit the physical description of the perpetrator. He was found wearing the light blue shirt when arrested. The victim identified the shirt and shorts appellant was wearing when he was captured as the ones worn by the perpetrator. The police officer testified that when appellant began to run he was wearing a black "skull cap." Officers found the gun used in the robbery and a black "skull cap" near where appellant was found. Officers also found a large amount of change, like that which was taken in the robbery, near the spot where appellant began to run. A search of the area near the Tempo revealed a pizza hut delivery bag hidden under a car. Inside the trunk of the Tempo, police found a warm Pizza Hut box. Appellant's fingerprints were discovered inside the trunk.
 {¶ 11} Considering this evidence, we cannot say that the jury clearly lost its way in finding appellant guilty. There was considerable circumstantial evidence from which the jury could determine that appellant committed the aggravated robbery. Circumstantial evidence is competent, probative evidence and can be the sole basis of a conviction.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph one of the syllabus. Therefore, we find appellant's conviction for aggravated robbery was not against the manifest weight of the evidence.
 {¶ 12} Appellant also argues that his conviction for receiving stolen property is against the manifest weight of the evidence. R.C.2913.51 provides that "[n]o person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through the commission of a theft offense."
 {¶ 13} Appellant testified that he did not know the car was stolen. He stated that he owned a vehicle, but did not want to use it because the registration was expired and it used a lot of gas. Appellant testified that he rented the car from a man in the neighborhood. Appellant did not know the man's name, but only knew him by his street name, "Slick." Appellant stated that he did not know much about Slick and that Slick did not work for a car rental agency, and that he did not complete any paperwork to rent the car. Instead, he stated that he simply gave Slick $20 and was given the keys to the car.
 {¶ 14} Absent an admission by a defendant, the question of whether there was reasonable cause for a defendant to know if an item was stolen can only be shown by circumstantial evidence. See State v. Hankerson
(1982), 70 Ohio St.2d 87, 92. One factor to be considered in determining whether reasonable minds could conclude whether a defendant knew or should have known property has been stolen is the defendant's unexplained possession of the merchandise. State v. Davis (1988), 49 Ohio App.3d 109,112.
 {¶ 15} We find that the jury in this case could have reasonably found that appellant knew or should have had reason to believe that the car was stolen given defendant's explanation of how he obtained possession of the car. Therefore, we find that appellant's conviction for receiving stolen property was not against the manifest weight of the evidence. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.